**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| DESTINY G.,[1] | : | Case No. 3:22-cv-00286 |
| | : | |
| Plaintiff, | : | Magistrate Judge Caroline H. Gentry |
| | : | (by full consent of the parties) |
| vs. | : | |
| | : | |
| COMMISSIONER OF THE SOCIAL | : | |
| SECURITY ADMINISTRATION, | : | |
| | : | |
| Defendant. | : | |

## DECISION AND ORDER

Plaintiff filed an application for Supplemental Security Income (SSI) in January 2021. Plaintiff's claim was denied initially and upon reconsideration. After a hearing at Plaintiff's request, the Administrative Law Judge (ALJ) concluded that Plaintiff was not eligible for benefits because he was not under a "disability" as defined in the Social Security Act.[2] The Appeals Council denied Plaintiff's request for review. Plaintiff subsequently filed this action.

Plaintiff seeks an order remanding this matter to the Commissioner for the award of benefits or, in the alternative, for further proceedings. The Commissioner asks the

---

[1] *See* S.D. Ohio General Order 22-01 ("The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that due to significant privacy concerns in social security cases federal courts should refer to claimants only by their first names and last initials.").

[2] Plaintiff identifies as male and will be referred to as such in this decision.

Court to affirm the non-disability decision. For the reasons set forth below, this Court REVERSES the Commissioner's decision and REMANDS for further proceedings.

## I.     BACKGROUND

Plaintiff asserts that he has been under a disability since January 20, 2019.[3] He was twenty-four years old on the date that he filed his SSI application. Accordingly, Plaintiff was considered a "younger person" under Social Security Regulations. 20 C.F.R. § 416.963(c). He has a "high school education and above." 20 C.F.R. § 416.964(b)(4).

The evidence in the Administrative Record ("AR," Doc. No. 7) is summarized in the ALJ's decision ("Decision," Doc. No. 7-2 at PageID 35-58), Plaintiff's Statement of Errors ("SE," Doc. No. 8), and the Commissioner's Memorandum in Opposition ("Mem. In Opp.," Doc. No. 10). Rather than repeat these summaries, the Court will discuss the pertinent evidence in its analysis below.

## II.    STANDARD OF REVIEW

The Social Security Administration provides SSI to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York,* 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 402, 423(a)(1), 1382(a). The term "disability" means "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.905(a).

---

[3] Regardless of the actual or alleged onset of disability, an SSI claimant is not entitled to SSI benefits prior to the date that the claimant files an SSI application. Thus, the relevant period of consideration in this case begins on January 4, 2021. *See* 20 C.F.R. § 416.335; *Koster v. Comm'r of Soc. Sec.*, 643 Fed. Appx. 466, 478 (6th Cir. 2016) ("For purposes of SSI, which is not retroactive, the relevant period here is . . . the date [Plaintiff] filed his protective application.").

This Court's review of an ALJ's unfavorable decision is limited to two inquiries: "[W]hether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). "Unless the ALJ has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence," this Court must affirm the ALJ's decision. *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 849 (6th Cir. 2020). Thus, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Id.*

"Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation omitted). This limited standard of review does not permit the Court to weigh the evidence and decide whether the preponderance of the evidence supports a different conclusion. Instead, the Court is confined to determining whether the ALJ's decision is supported by substantial evidence, which "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (citation omitted). This standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts." *Mullen v. Bowen,* 800 F.2d 535, 545 (6th Cir. 1986). Thus, the Court may be required to affirm the

ALJ's decision even if substantial evidence in the record supports the opposite conclusion. *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

The other line of judicial inquiry—reviewing the correctness of the ALJ's legal criteria—may result in reversal even when the record contains substantial evidence supporting the ALJ's factual findings. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[E]ven if supported by substantial evidence, 'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Id.* (citations omitted). Such an error of law will require reversal even if "the outcome on remand is unlikely to be different." *Cardew v. Comm'r of Soc. Sec.*, 896 F.3d 742, 746 (6th Cir. 2018) (internal quotations and citations omitted).

## III.   FACTS

### A.    The ALJ's Factual Findings

The ALJ was tasked with evaluating the evidence related to Plaintiff's application for benefits. In doing so, the ALJ considered each of the five sequential steps set forth in the Social Security regulations. *See* 20 C.F.R. § 416.920. The ALJ made the following findings of fact:

Step 1:      Plaintiff has not engaged in substantial gainful activity since January 4, 2021, the application date.

Step 2:      He has the severe impairments of peripheral neuropathy, lumbar degenerative disc disease, headaches, complex regional pain syndrome (CRPS), obesity, anxiety, depression, schizoaffective disorder, bipolar type, and gender dysphoria.

4

Step 3:      He does not have an impairment or combination of impairments that meets or equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4:      His residual functional capacity (RFC), or the most he can do despite his impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of light work as defined in 20 C.F.R. § 416.967(b), subject to the following limitations: "(1) frequently balancing; (2) occasionally climbing ramps and stairs, stooping, kneeling, crouching, and crawling; (3) never climbing ladders, ropes, or scaffolds; (4) no exposure to unprotected heights or moving mechanical parts; (5) occasional[,] superficial interaction with coworkers and supervisors but no teamwork, tandem tasks, conflict resolution[,] or over-the-shoulder supervision ("superficial contact" is defined as retaining the ability to receive simple instructions, ask simple questions, and receive performance appraisals but as lacking the ability to engage in more complex social interactions such as persuading other people or rendering advice); (6) no contact with the general public as part of job duties; and (7) occasional changes in an otherwise routine work setting explained in advance to allow time for adjustment to new expectations."

He is unable to perform any of his past relevant work.

Step 5:      Considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that he can perform.

(Decision, Doc. No. 7-2 at PageID 41-53.) These findings led the ALJ to conclude that Plaintiff does not meet the definition of disability and so is not entitled to benefits. (*Id.* at PageID 53-54.)

## B.      The ALJ's Analysis of Plaintiff's Symptom Severity

The ALJ summarized Plaintiff's testimony, claimed symptoms, and subjective complaints during his medical appointments. (Decision, Doc. No. 7-2 at PageID 40-49.) The ALJ also explained the applicable legal standard for evaluating Plaintiff's symptoms. (*Id.* at PageID 51 (citing 20 C.F.R. § 416.929 and Social Security Ruling (SSR) 16-3p).)

5

The ALJ then found that Plaintiff's complaints of disabling physical symptoms were inconsistent with the objective medical evidence:

> After careful consideration of the entire record, the undersigned finds that [Plaintiff's] medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the extent of limitation alleged - such as taking days to recover when walking longer than one hour (Exhibit 4E at 1) - is largely unsubstantiated by convincing objective medical evidence or clinical findings. There is no evidence of joint abnormalities or other debilitating physical symptoms which would compromise [Plaintiff's] ability to perform any and all physical activity, certainly given the imaging evidence and nerve conduction studies as well as examination findings. [Plaintiff] has sufficient physical capacity to engage in activities like exercising with breaks (Exhibit 1F at 15) and taking long walks despite pain (Exhibit 11F at 7) which actually has responded "well" to physical therapy and medications (Exhibits 1F at 9, 11, 18 / 12F at 15).

(Decision, Doc. No. 7-2 at PageID 51-52.)

The ALJ also found that Plaintiff did not seek treatment at a level consistent with his complaints of disabling mental symptoms. Specifically, although Plaintiff received "some routine outpatient therapy . . . he has declined – or at least delayed – medication management . . . and there is otherwise minimal evidence . . . of the type of treatment one would reasonably expect" given Plaintiff's claimed loss of functioning. (Decision, Doc. No. 7-2 at PageID 52.)

The ALJ concluded that "[t]he evidence of record generally does not support the alleged loss of functioning and allegations of disability are not persuasive." (Decision, Doc. No. 7-2 at PageID 52.) Therefore, the ALJ formulated an RFC that restricted Plaintiff to a light exertion level, with postural restrictions and mental limitations. (*Id*.)

## IV.    LAW AND ANALYSIS

Plaintiff asserts that the ALJ erred by: 1) failing to properly weigh the medical opinions of record; 2) insufficiently considering the appropriate Listings of Impairments at Step Three of the sequential evaluation; and 3) failing to properly evaluate Plaintiff's symptom severity under Social Security Ruling (SSR) 16-3p. (SE, Doc. No. 8 at PageID 451, 460-76.) Finding error in the ALJ's evaluation of Plaintiff's subjective symptoms, the Court does not address Plaintiff's other alleged errors and instead instructs the ALJ to address all of them on remand.

### A.    Applicable Law

The ALJ was required to comply with the applicable Social Security regulation when evaluating Plaintiff's symptoms. *See* 20 C.F.R. § 404.1529. Also, because Plaintiff alleged symptoms of disabling severity, the ALJ was required to use a two-step process for evaluating those symptoms. SSR 16-3p, 2016 SSR LEXIS 4, 2017 WL 5180304, *3 (revised and republished Oct. 25, 2017).[4]

At the first step, the ALJ must "determine whether the individual has a medically determinable impairment that could reasonably be expected to produce the individual's alleged symptoms." SSR 16-3p at *3. The ALJ must make this determination based upon objective medical evidence in the form of medical signs or laboratory findings. *Id*. Medical signs are "anatomical, physiological, or psychological abnormalities established by medically acceptable clinical diagnostic techniques that can be observed apart from an

---

[4] Although SSRs do not have the same force and effect as statutes or regulations, they are binding on all components of the Social Security Administration. 20 C.F.R. § 402.35(b)(1).

7

individual's symptoms." *Id*. The ALJ will not, however, consider whether the objective medical evidence supports the alleged severity of the individual's symptoms. *Id*.

At the second step, the ALJ must "evaluate the intensity and persistence of an individual's symptoms … and determine the extent to which an individual's symptoms limit his or her ability to perform work-related activities." SSR 16-3p at *9. The Social Security Administration "recognize[s] that some individuals may experience symptoms differently and may be limited by symptoms to a greater or lesser extent than other individuals with the same medical impairments, the same objective medical evidence, and the same non-medical evidence." *Id*. The ALJ must therefore examine "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id*.

When evaluating the intensity, persistence and limiting effects of the claimant's alleged symptoms, the ALJ must consider the following factors:

1. Daily activities;

2. The location, duration, frequency, and intensity of pain or other symptoms;

3. Factors that precipitate and aggravate the symptoms;

4. The type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms;

5. Treatment, other than medication, an individual receives or has received for relief of pain or other symptoms;

6.    Any measures other than treatment an individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and

7.    Any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.

SSR 16-3p at *7-8; *cf.* 20 C.F.R. § 404.1529(c)(3). The ALJ need only discuss those factors that are pertinent based upon the evidence in the record. *Id.* The ALJ's discussion of the applicable factors "must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." *Id.* at *10.

As part of this analysis, the ALJ is required to determine whether an individual's symptoms and accompanying limitations are consistent with the evidence in the record. SSR 16-3p at *8. For example, the ALJ will consider whether an individual's statements are consistent with his symptoms, keeping in mind that the statements may themselves be inconsistent because "[s]ymptoms may vary in their intensity, persistence, and functional effects, or may worsen or improve with time." *Id.* at *8-9.

The ALJ will also consider whether the claimant sought medical treatment and followed treatment that was prescribed. SSR 16-3p at *9. Attempts to obtain treatment may show that symptoms are intense and persistent; conversely, a lack of such efforts may show that an individual's symptoms are not intense or persistent. *Id.* However, the ALJ "will not find an individual's symptoms inconsistent . . . on this basis without considering possible reasons he or she may not comply with treatment or seek treatment

consistent with the degree of his or her complaints." *Id*. The ALJ must consider these reasons "before drawing an adverse inference from the claimant's lack of medical treatment." *Dooley v. Comm'r of Soc. Sec.*, 656 F. App'x 113, 119 (6th Cir. 2016).

Further, "if the individual fails to follow prescribed treatment that might improve symptoms, [the ALJ] may find the alleged intensity and persistence of an individual's symptoms are inconsistent with the overall evidence of record." *Id*. at *9. However, an ALJ "will not find an individual's symptoms inconsistent [] on this basis without considering possible reasons he or she may not comply with treatment or seek treatment consistent with the degree of his or her complaints." *Id.* The SSR explains, for example, that individuals may not seek or follow treatment due to side effects from medications, an inability to afford treatment, or an inability to understand the need for treatment due to a mental impairment. *Id*. at *9-10. The ALJ may need to contact the claimant—or to question the claimant at the administrative hearing—to ascertain the reason(s) for the lack of treatment. *Id*. at *9. The ALJ "*will* explain how [he or she] considered the individual's reasons" in the evaluation of the individual's symptoms. *Id.* at *10 (emphasis added).

### B.    The ALJ Reversibly Erred When Evaluating Plaintiff's Symptom Severity

The ALJ erred when analyzing Plaintiff's symptom severity. Specifically, the ALJ failed to consider possible reasons why Plaintiff did not seek treatment at a level consistent with the degree of his complaints. Because the ALJ did not comply with the requirements of SSR 16-3p, the Court reverses and remands the ALJ's decision.

With respect to Plaintiff's mental health, the ALJ acknowledged that he was "diagnosed with a generalized anxiety disorder and a depressed/bipolar-type schizoaffective disorder . . . and alleges a litany of symptoms largely consisting of panic attacks, mood swings, socially avoidant behaviors, motor tension, and poor concentration." (Decision, Doc. No. 7-2 at PageID 42.) But the ALJ discounted the opinion of treating mental health counselor Ms. French because "[Plaintiff] never been psychiatrically hospitalized, and the relatively minimal treatment he has received for depressive symptoms is inconsistent with the marked and extreme level ratings alleged by Ms. French who apparently has treated [Plaintiff] for only 9 sessions." (*Id.* at PageID 43.) Finding that Plaintiff received minimal counseling and declined or delayed medication for his mental health symptoms, the ALJ concluded that "there is otherwise minimal evidence in the record of the type of treatment one would reasonably expect in order to support the alleged loss of functioning." (*Id.* at PageID 52).

The ALJ also relied on the conservative nature of Plaintiff's treatment for his physical impairments to discount the severity of his claimed symptoms. When analyzing consultative physician Dr. Oza's opinion, the ALJ discounted a proposed limitation for sedentary to light work because it "seems to be based upon an uncritical acceptance of his subjective complaints given that it is entirely disproportionate to [Plaintiff's] conservative treatment history and is inconsistent with nearly all of Dr. Oza's own physical examination findings." (Decision, Doc. No. 7-2 at PageID 49.) Similarly, the ALJ discounted physical therapist Lunsford's opinion because "restricting [Plaintiff] to

11

performing at a sedentary exertional level is grossly disproportionate to these findings as well as the conservative level of treatment he has received." (*Id.*)

The ALJ supported her conclusions by citing Plaintiff's minimal, conservative, or routine treatment history. But she did not comply with the requirement to consider ***why*** a claimant's treatment history is inconsistent with his subjective complaints:

> [I]f the frequency or extent of the treatment sought by an individual is not comparable with the degree of the individual's subjective complaints, or if the individual fails to follow prescribed treatment that might improve symptoms, we may find the alleged intensity and persistence of an individual's symptoms are inconsistent with the overall evidence of record. ***We will not find an individual's symptoms inconsistent with the evidence in the record on this basis without considering possible reasons he or she may not comply with treatment or seek treatment consistent with the degree of his or her complaints.*** We may need to contact the individual regarding the lack of treatment or, at an administrative proceeding, ask why he or she has not complied with or sought treatment in a manner consistent with his or her complaints. . . . ***We will explain how we considered the individual's reasons in our evaluation of the individual's symptoms.***

SSR 16-3p, 2017 WL 5180304, *9-10 (revised and republished Oct. 25, 2017) (emphasis added). This regulation requires an ALJ to consider possible reasons why a claimant failed to seek medical treatment consistent with the degree of his or her complaints "before drawing an adverse inference from the claimant's lack of medical treatment." *Dooley v. Comm'r of Soc. Sec.*, 656 F. App'x 113, 119 (6th Cir. 2016). An individual's inability to afford treatment and adverse medication side effects are two possible reasons an ALJ should consider when evaluating a lack of treatment. SSR 16-3p at *10.

The ALJ plainly failed to comply with SSR 16-3p because she did not consider possible reasons why Plaintiff failed to seek treatment consistent with the degree of his

complaints. For example, at the March 2022 hearing, Plaintiff testified that he had been seeing a therapist since approximately March 2021. (AR, Doc. No. 7-2 at PageID 69.). Plaintiff reported that he tried to see his therapist every other week, but she "cancel[led] appointments more often than [he had] appointments." (*Id.* at PageID 76-77.) Plaintiff explained that he had not taken psychotropic medications because his therapist wanted to "wor[k] with the behavior" before starting medication. (*Id.* at PageID 76.) He also testified that he wanted to start seeing a "better therapist" but that he could not afford one. (*Id.* at PageID 76-77.)

The ALJ asked Plaintiff questions about his medications and treatment in the past three years. (*Id.* at PageID 79.) Plaintiff said that a previous pain medication, Duloxetine, also treated his anxiety symptoms but caused "really terrible side effects." (*Id.*) He had not yet seen a psychiatrist but had an upcoming appointment with one for an assessment. (*Id.* at PageID 80.) Plaintiff testified that he did not have CareSource insurance coverage until November 2021 and did not know that he could apply for coverage sooner. (*Id.*)

Notably, the ALJ did acknowledge some of these statements in the decision. She noted that Plaintiff "receives some counseling but not regularly and is not on medications for financial reasons." (Decision, Doc. No. 7-2 at PageID 40.) When the ALJ summarized consultative psychologist Dr. Rosenthal's report, she acknowledged Plaintiff's statement that he "no longer received counseling for financial reasons." (*Id.* at PageID 43 (citing AR, Doc. No. 7-7 at PageID 317).)

But although Plaintiff's statements could provide a reasonable explanation for his limited treatment history, the ALJ did not consider them when she evaluated the opinion

evidence and Plaintiff's subjective complaints. For example, the ALJ ignored these explanations when she rejected counselor French's opinion because of "the relatively minimal treatment" that Plaintiff had received. (Decision, Doc. No. 7-2 at PageID 43.) Likewise, the ALJ ignored these explanations when she discounted the opinions of consultative physician Dr. Oza and physical therapist Lunsford for being "entirely" and "grossly disproportionate" to Plaintiff's "conservative treatment history." (*Id.* at PageID 49.) The ALJ also ignored Plaintiff's explanations when she concluded that his treatment history did not support the severity of his alleged symptoms. (*Id.* at PageID 52.)

The Court concludes that the ALJ did not comply with the applicable regulatory framework when she evaluated Plaintiff's symptom severity. This error of law requires reversal. *See Deanna S. v. Comm'r of Soc. Sec.*, No. 1:22-cv-602, 2023 U.S. Dist. LEXIS 172825, at *12-13 (S.D. Ohio Sept. 27, 2023) (Bowman, M.J.).

## VI. REMAND

Under Sentence Four of 42 U.S.C. § 405(g), the Court has the authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). Consequently, a remand under Sentence Four may result in the need for further proceedings or an immediate award of benefits. *E.g., Blakley*, 581 F.3d at 410; *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). The latter is warranted where the evidence of disability is overwhelming or where the evidence of disability is strong while contrary evidence is lacking. *Faucher v. Sec'y of Health & Human Servs.,* 17 F.3d 171, 176 (6th Cir. 1994).

A judicial award of benefits is unwarranted in the present case because the evidence of disability is neither overwhelming nor strong while contrary evidence is lacking. *Faucher*, 17 F.3d at 176. However, Plaintiff is entitled to an Order remanding this case to the Social Security Administration pursuant to Sentence Four of Section 405(g) for the reasons stated above.

On remand, the ALJ should further develop the record as necessary, particularly as to the Plaintiff's subjective complaints and treatment history, and evaluate the evidence of record under the applicable legal criteria mandated by the Commissioner's regulations and rulings and governing case law. The ALJ should evaluate Plaintiff's disability claim under the required five-step sequential analysis to determine anew whether Plaintiff was under a disability and whether his application for SSI should be granted.

**IT IS THEREFORE ORDERED THAT**:

1.      Plaintiff's Statement of Errors (Doc. No. 8) is GRANTED;

2.      The Court REVERSES the Commissioner's non-disability determination;

3.      No finding is made as to whether Plaintiff was under a "disability" within the meaning of the Social Security Act;

4.      This matter is REMANDED to the Social Security Administration under Sentence Four of 42 U.S.C. § 405(g) for further consideration consistent with this Decision and Order; and

5.      This case is terminated on the Court's docket.

*s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge